*Grand-Isle,*
*January,*
*1826.*

FRANKLIN ROBINSON *vs.* ELISHA REYNOLDS, & SALLY, *his wife.*

No temporary absence of a husband, or separate maintenance, or living a-part of the wife, will enable the latter to sue, or subject her to be sued alone.

But where the husband is accounted in law *civiliter mortuus,* as where he is exiled, banished for life, or has abjured the realm, the wife may sue or be sued, as a *feme sole.*

So, too, where the husband, *being an alien,* has never resided in the government.

THIS was an action on book account; for articles delivered to the said *Sally,* previous to her intermarriage with the said *Elisha Reynolds.*

*Defendants' plea.—Actio non,* because, they say, that before and at the time of the aforesaid supposed delivery to the said Sally, of the articles in the plaintiff's account charged, as set forth and specified in the plaintiff's declaration and oyer of account, to wit, in October, A. D. 1816, she the said Sally was a *feme covert,* and the wife of one *Joseph Emmerson,* and that the said Joseph was then living, to wit, at the time of said supposed delivery to the said Sally, of said articles in the plaintiff's oyer of account, specified as aforesaid, at a place called *Upper Canada,* to wit, at *South Hero,* aforesaid; of all which the plaintiff had due notice, to wit, at South Hero aforesaid, to wit, at the time of the aforesaid supposed delivery to the said Sally, of said articles, as aforesaid. *Et hoc, &c.*

*Replication—precludi non,* because, he says, that before the delivery to the said Sally, of the articles mentioned in the plaintiff's oyer, to wit, on the first day of June, 1812, the said *Joseph Emmerson* left *South Hero* and departed from the United States, and from thence, hitherto, he the said Joseph hath lived and resided out of the United States, to wit, in the province of Upper Canada; and, at the time of the delivery to her, the said Sally, of the articles mentioned in the plaintiff's oyer, to wit, in October, 1816, she the said Sally lived and resided in South Hero aforesaid, in the county of Grand-Isle, separate and apart from the said Joseph, and was there trading and doing business as a single woman, and sole trader, to wit, at South Hero aforesaid; and that the said Franklin did not give any credit to the said Joseph, but traded and dealt with the said Sally, as a *feme sole,* and on her sole credit. *Et hoc, &c.*

*Rejoinder.—Actio non,* by reason of any thing by him, in said replication alleged, because, the defendants say, that the said Joseph Emmerson was born within these United States, and from his birth until long after the time of said supposed delivery to the said Sally, of the articles in the plaintiff's oyer specified, to wit, in November, 1816, was a citizen of these United States, owing allegiance to the government thereof, and that the said Joseph hath not, at any time previous thereto, abjured these United States, or been banished, exiled, transported or relegiated therefrom, of all which the plaintiff had due notice, to wit, at South Hero, aforesaid, to wit, at the time of said supposed delivery to the said Sally, of said articles in the plaintiff's oyer specified. *Et hoc, &c.*

*Surrejoinder.—*And the said Franklin, as to the plea of the said defendants, by them pleaded by way of rejoinder, says that he, the said Franklin, by reason of any thing in that plea alleged, ought not to be barred from having and maintaining his said action thereof against them, because, he says, that before the delivery to her the said Sally of the articles mentioned in the plaintiff's oyer of account, to wit, on the first day of June, A. D. 1812, the said Joseph Emmerson, at South Hero, in the county of Grand-Isle, *wilfully deserted* her the said Sally, and departed

*Grand-Isle,*
January,
1826.

Robinson
*vs.*
Reynolds &
wife.

from the United States, leaving the said Sally without any prop-- erty, and wholly destitute of the means of supporting herself and family, and ever since hath, and still doth, reside in the province of Upper Canada, without the United States; and that he the said Joseph hath not, during all the time aforesaid, fur- nished the said Sally with any money or other property, nor provided for her any means of subsistence; and that, at the time of the delivery to her the said Sally, of the articles men- tioned in the plaintiff's oyer, to wit, in October A. D. 1816, she, the said Sally, was without property, and wholly destitute of the means of support, and was then living separate and apart from the said Joseph, as a single woman, at South Hero afore- said; and that the said Franklin did not give any credit to him, the said Joseph, but traded and dealt with the said Sally, as a *feme sole*, and on her sole credit. And this he is ready to ver- ify. Wherefore, he prays judgment as before, if he ought to be barred from having and maintaining his said action against the defendants.

To this surrejoinder, there was a demurrer, and joinder in de- murrer.

In support of the demurrer, it was contended, that a *feme cov- ert* is not personally liable on any contract made by her during coverture, unless the husband is an alien, or *civiliter mortuus.* And the following cases were relied upon ; *Marsh* vs. *Hutchin- son, 2 Bos. & Pul. 226.*—*Bogget* vs. *Friar, et al. 11 East Rep. 301. —McNamara and wife* vs. *Fisher, 3 Esp. N. P. Rep. 18.*—*Ed- wards and wife* vs. *Davis, 16 Johns. Rep. 281.*—*Farrar* vs. *the Countess Dowager of Granard, 1 New Rep. 80.*—and *Marshal* vs. *Rutton. 8 Term Rep. 545.*

The counsel for the defendants also cited 1 *Mass. Rep.* 34, and 1 *Swift's Dig.* 35.

For the plaintiff, it was contended, that the husband, by de- serting the wife, forfeits the marriage contract, and voluntarily relinquishes all rights, as a husband, to the possession of her person ; so that those rights cannot be infringed by her prosecu- tion or confinement.—*Reeves' Dom. Rel.* 98, *and onward.*

That the case at bar came within the reasons of the law, as laid down in the following cases.—*Carroll* vs. *Blencow, 4 Esp. Rep.* 27.—*Walford* vs. *the Duchess de la Pienne, 2 Esp. Rep.* 554, and *Burfield* vs. *the same, 2 New Rep.* 380.—*Also, Powell on Con.* 75.

That when the husband resides abroad, without any probabil- ity of returning, and the wife has contracted debts as a single woman, she is liable.—*De Galon* vs. *L'Aigle, 1 Bos. & Pul.* 357. —1 *Comyn on Con.* 179.

It was also contended for the plaintiff, that under the statute of this state, (*Stat.* 364,) the husband looses all power to reclaim the wife against her consent, by a *wilful desertion* for more than three years; and that, consequently, she is then free to contract, and bound by her contracts.

OF THE STATE OF VERMONT. 177

*Grand-Isle,*
January,
1826.

Robinson
*vs.*
Reynolds &
wife.

SKINNER, Ch. J. delivered the opinion of the Court.

The facts disclosed by the pleadings in this case are, that the goods, to recover the value of which, this action was brought, were sold and delivered to, and upon the sole credit, of *Sally Reynolds*, one of the defendants, called the wife of *Elisha Reynolds*, the other defendant, *previous* to their marriage, viz. in October, 1816. That, at the time of the sale and delivery of the goods, she was the wife of one *Joseph Emmerson*, then living in Canada; which was known to the plaintiff. That Emmerson, a citizen born in the United States, left this state in 1812, and has ever since resided, and still resides in Canada, furnishing no support to his wife, who has, since the absence of her husband, transacted business, and contracted, as a *feme sole.*

In contemplation of law, by marriage, the existence of the wife is merged in that of the husband. And it is a general principle, that she can, during coverture, make no contracts by which she is bound; or sue or be sued alone.

To this rule of law, that a married woman is incapable of suing, or being sued, without her husband, there are excepted cases; and so far as the principles, which have controled the decisions in such cases extend, the Court feel bound to recognize them, as the law here.

Where the husband is accounted in law *civiliter mortuus*, the wife may sue or be sued alone; as where the husband is exiled, banished for life, or has abjured the realm. So too, where the husband is an alien, having never resided in the government, she is capable of suing and being sued alone. But we believe there is no principle of law, that will authorize her to sue, or subject her to a suit, as a *feme sole*, where the husband is a citizen or subject of the government, on account of her having a separate maintenance, or of his temporary absence.

That living separate and apart from her husband, with a separate maintenance, will not authorize the wife to sue, or subject her to be sued as a *feme sole*, is now well settled.----*Marshall* vs. *Rutton*, 8 *T. R.* 545.

In examining the cases that have been decided, bearing upon the question upon which a decision is called for in this case, it will be found, that although there are some, in which a temporary absence of a citizen or subject, would seem to have been a ground for considering the wife as a *feme sole*, for the purposes of contracting, pleading, and being impleaded; yet it is clearly opposed by the current of authority.

In the case of *Carrol* vs. *Blencow*, 4 *Esp.* 27, decided at *nisi prius*, by Lord Alvanly, where the husband was transported for 7 years, and was still absent, the wife was held liable; notwithstanding the 7 years had expired at the time of pleading.

The case of *De Gailon* vs. *L'Aigle*, 1 *Bos. & Pul.* 357, in which the wife was held liable alone, is a case where the husband was a *foreigner*, and had never been in England. The case decided as above, *viz.* against the wife, by Lord Kenyon, at *nisi*

23

*Grand-Isle,*
January,
. 1826.

Robinson
*vs.*
Reynolds &
wife.

*prius, Walford* vs. *the Duchess of De la Pienne,* 2 *Esp.* 554, is also a case, where the husband was an alien, though he had been domiciled in England.    In the case of *Franks* vs. the same *Duchess De la Pienne,* the decision of the same judge is as in the former case.

These are the cases upon which the plaintiff principally relies; but from examination it will be found, none of them come up to this case; and if the principle contended for can be extracted from them, it is not supported by any ancient authority, and is very clearly and fully refuted by subsequent decisions.

In the case of *Carrol* vs. *Blencow,* the ground taken is, that the husband had *abjured* the realm.    The case of *De Gailon* vs. *L'Aigle* seems to have been decided much upon the authority of Lady Belknap's case; and that he was a *foreigner.*    The case is clearly to be distinguished from Lady Belknap's; for, although it is said by Buller, J. that it does not appear whether the husband was banished for one year, for five, or for life; in *Coke's Lit.* 133, in treating of the ability of the wife to sue alone, the case is thus stated.    "If, by act of parliament, the husband be attainted of treason or felony, and saving his life, is banished *forever,* as Belknap &c. was, this is a civil death, and the wife may sue as a *feme sole.*    But if the husband, by act of parliament, have judgment to be exiled but for a *time,* which some call a *religation,* this is not a civil death."

Justice Heath, who concurred in the opinion, in the case of *De Gailon* vs. *L'Aigle* says, in the case of *Farrar* vs. *the Countess Dowager of Granard,* 1 *New Rep.* 81, that the former case proceeded much upon the ground of the defendant's husband being a *foreigner;* and Lord Kenyon, in the case of *Franks* vs *the Duch- De la Pienne* says, "had this been the case of an Englishman, who might be presumed to have the *animus reveriandi,* it might be different."

In the case of *Marsh* vs. *Hutchinson,* 2 *Bos. & Pul.* 224, Lord Elden, in giving his opinion, limits the right of the wife of an Englishman to sue as a *feme sole,* and her liability to be sued as such, to the cases of the *civil death* of the husband; and in this opinion, Heath, justice, seems to concur; and on the subject of voluntary absence, says, "there is no case in which the wife has been held liable, the husband being an Englishman."

In the case of *Farrar* vs. *the Countess Dowager of Granard,* 1 *New Rep.* 80, the wife was held not liable, upon the ground that a *temporary absence* of the husband, was not sufficient.    In the case of *Hopewell* vs, *De Pienne,* 2 *Camp.* 113, before Lord Ellenborough, where the husband had been absent 12 years, at the time of pleading, and 11 years at the time of making the contract, the only question that was raised was, whether it was incumbent on the defendant, to prove her husband to be living; and this having been proved, a verdict was taken for the defendant.

The decision in the case of *Ray* vs. *the Duchess De la Pienne,* 3 *Camp.* 123, would seem to put this question at rest.    The

*Grand-Isle,*
*January,*
*1826.*

Robinson
*vs.*
Reynolds &
wife.

same *Duchess De la Pienne*, against whom Lord Kenyon had twice decided at *nisi prius*, is again sued, (her husband being still absent.)----Lord Ellenborough remarks "if the husband has never been in this kingdom, the wife of an alien, I think, may be sued as a *feme sole;*" and he supposes it probable, the fact that he had once been in England, was not distinctly brought to Lord Kenyon's attention.

The principles of this decision are the same that governed the Court in the case of *Marsh* vs. *Hutchinson;* though Lord Ellenborough goes still farther, and denies the liability of the wife of an alien, who is absent, if he has once been domiciled in England; a distinction not taken in that case. The plaintiff was nonsuited, and at the ensuing term, the whole Court concurred in the opinion of the chief justice, and refused a rule to show cause.

The same principle is fully confirmed in the case of *Boggett* vs. *Friar,* 11 *East,* 301.

The Court cannot listen to the suggestion, that the husband, by three years absence, has lost all right to reclaim the wife without her consent; nor will absence alone, for any length of time, deprive the husband of his legal rights, as such, over the wife. There is nothing in this case that shows the husband did not intend to return, at the time the plaintiff contracted with the wife; nor even now, excepting that the wife has taken another husband.

If the wife was not liable at the time of contracting, lapse of time cannot make her so. Suppose the husband should return while the action was pending, could the plaintiff proceed with his action and imprison the wife? In the event of the return of the husband, it will hardly be contended, that property acquired by the wife in his absence, would be beyond his control, or that she can be endowed. It is not perceived upon what principle the wife, for some purposes may be considered as a *feme sole,* and for others as *covert.*

Judgment, that the plaintiff's plea is insufficient.

*A. G. Whittemore, A. Aldis,* and *Jas. Davis,* for the plaintiff.

*B. Turner* and *B. F. Smalley,* for the defendants.